1. DONALD WEISSMAN (Bar No. 67980)
   dweissman@wcclaw.com
WEISSMAN LAW FIRM
5567 Reseda Boulevard, Suite 118
Tarzana, California 91356
Telephone: (818) 704-5151
Facsimile:  (818) 705-2634

Attorneys for Plaintiff
JAMES ANDRÉ JEFFERSON

United States Courts
Southern District of Texas
F I L E D

JAN 14 2019

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTIRCT OF TEXAS

| | |
|---|---|
| JAMES ANDRÉ JEFFERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>EMPIRE TRUCK LINES, INC. a Texas corporation; JULIAN SUAREZ PALACIOS, an individual; JOEL CAMPOS, an individual,<br><br>Defendants. | CASE NO. **19 CV 0149**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. NEGLIGENCE<br>2. NEGLIGENCE PER SE |

PLAINTIFF ALLEGES, AS FOLLOWS:

**JURISDICTION AND VENUE**

1. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because, as alleged in the complaint on file herein, the Plaintiff and Defendants are citizens of different states. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because the corporate defendant's principal place of business is within this District and

---

COMPLAINT FOR DAMAGES

because the Defendants systematically and continuously conducted business within this district.

3. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. Defendants each are domiciled in Texas, authorized to do business in Texas, have sufficient minimum contacts with Texas, and/or otherwise intentionally avail themselves of the markets in Texas through the promotion, marketing and sale in Texas of trucking services, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because the Defendants' principal place of business is within this district.

**THE PARTIES**

6. Plaintiff JAMES ANDRÉ JEFFERSON is a resident of the City of Palmdale, County of Los Angeles, State of California. He is a long-hand truck driver.

7. Plaintiff is informed and believes and on that basis alleges that Defendant EMPIRE TRUCK LINES, INC., is a Texas corporation with its principal place of business in Houston, Texas. Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned the individual defendants were employees or principals of the corporate defendant and are residents in the city of El Paso, State of Texas or doing business in the city of Houston, State of Texas.

## FACTS COMMON TO CALL CLAIMS

8. Each and all of the acts, events and injuries alleged hereinafter took place on Interstate Highway 10 near 26000 Ralph Fair Rd., in the city of Houston, State of Texas.

9. Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned the Defendants, and each of them, were the owners and operators of a truck-trailer combination referred to in this Complaint.

10. Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned the Defendants, and each of them, were the agents and employees of each of the remaining Defendants and were at all times acting within the purpose and scope of said agency and employment.

11. At all times mentioned herein, Palacios was acting within the course and scope of his employment with Defendant Empire Truck Lines, Inc. (EMPIRE). As a result, Defendant EMPIRE is vicariously liable for Palacios' negligent acts.

12. At all times mentioned herein, Defendant Joel Campos (CAMPOS) was the owner of the subject truck-trailer. Defendant Campos provided his permission for defendant PALOCIOS to operate the subject truck-trailer arising out of and occurring in the course of his employment with defendant EMPIRE. As a result, Defendant Campos and defendant EMPIRE are liable for Defendant PALOCIOS' negligent acts.

13. Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned Defendants, Julian Suarez Palacios (PALACIOS) was driving the truck-trailer

with the consent, permission and knowledge of each of the remaining Defendants.

## CLAIM 1 FOR NEGLIGENCE

14. Plaintiff refers to and incorporates each allegation of paragraphs 1-13, inclusive as if set forth in full.

15. On or about January 25, 2017, the Defendants, and each of them, so negligently entrusted, managed, inspected, maintained, drove, operated, manufactured, designed, the subject truck-trailer, so that when it was traveling eastbound on Interstate Highway 10W near 26000 Ralph Fair Rd., in the City of Houston, State of Texas, the brakes on the tractor-trailer combination failed when PALACIOS applied the brakes causing his truck-trailer to violently crash into the truck and trailer driven by Plaintiff.

16. Plaintiff is informed and believes that the subject truck-trailer had mechanical brake problems and was unsafe to be traveling at the time of the subject incident. Defendants should have but failed to inspect or maintain the brakes of the subject truck-trailer prior to the collision to ensure safe and adequate brake capacity for the subject truck-trailer. Defendants were negligent in failing to maintain the safety of the subject truck-trailer. Plaintiff further alleges defendant Palacios failed to inspect or adjust the condition of the brakes before and while driving on Interstate Highway 10W the day of the subject collision.

17. As the direct and proximate result of the negligence of the above-named Defendants, and each of them, Plaintiff was hurt and injured in his health, strength and

activity, sustaining injuries to body and shock and injuries to the nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering, all to the Plaintiff's general damage in an amount in excess of $90,000 and according to proof.

18. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was required to an did employ physicians and surgeons to examine, treat and care for Plaintiff, and Plaintiff did incur medical and incidental expenses thereby. The exact amount of such expenses is presently unknown to Plaintiff and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount thereof when the same has been ascertained. Plaintiff is informed and believes and thereon alleges, that as the direct and proximate result of the negligence of the Defendants, and each of them, will, for a period of time in the future, be required to employ physicians and surgeons to examine, treat and care for Plaintiff, in that Plaintiff will incur additional medical and incidental expenses thereby. The exact amount of such expenses is presently unknown to Plaintiff who will seek leave of Court to amend this Complaint to set forth the exact amount thereof when the same has been ascertained.

19. As a further, direct and proximate result of the negligence of the above-named Defendants, and each of them, Plaintiff was unable to attend to his usual employment duties and has suffered a loss of earnings thereby. Plaintiff is informed and believes and thereon alleges, that he will be unable to attend to his usual occupation for a period of time in the future and will suffer a further loss of earnings thereby. Plaintiff will

seek leave of Court to amend this Complaint to set forth the exact amount of all such lost earnings when the same have been ascertained.

## CLAIM 2 FOR NEGLIGENCE PER SE

20. Plaintiff incorporates by reference all paragraphs of this complaint, and repeats all allegations of said paragraphs 1-19, as though set forth here in full.

21. The dangerous driving performed by Defendant Palacios was in violation of 49 CFR §396.3, et seq.

22. The type of occurrence giving rise to Plaintiff's injuries alleged herein is within the class of occurrences which 49 CFR §396.3, et seq. was designed to prevent.

23. Plaintiff was within the class of persons 49 CFR §396.3, et seq. was designed to protect.

24. Defendants' violation of 49 CFR §396.3, et seq. was a direct and proximate cause of the injuries sustained by Plaintiff.

25. As a direct and proximate result of this violation of said CFR's by Defendants, Plaintiff suffered serious bodily injury requiring him to receive immediate and ongoing medical treatment, as herein above alleged.

WHEREFORE, Plaintiff prays for Judgment against the Defendants, and each of them, as follows:

1. General damages in an amount according to proof;

2. Medical and incidental expenses, according to proof;

3. Loss of earnings and damage to earning capacity, according to proof;

4. Costs of suit incurred herein; and

5. For other and further relief as the Court deems just and proper.

DATED: January 4, 2019  WEISSMAN LAW FIRM

By: *[signature]*
I. DONALD WEISSMAN
Attorneys for Plaintiff,
**JAMES ANDRÉ JEFFERSON**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the above-entitled action.

DATED: January 4, 2019  **WEISSMAN LAW FIRM**

*[signature]*
I. DONALD WEISSMAN
Attorney for Plaintiffs,
**JAMES ANDRÉ JEFFERSON**